UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| REX S. GUNTHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  4:25-cv-00504-RHH |
| ) | |
| ADMINISTRATIVE COMMITTEE, ) | |
| MARIA SHEPHERD, and CHARLES ) | |
| MCINTYRE, ) | |
| ) | |
| Defendants. ) | |

**OPINION, MEMORANDUM AND ORDER**

This closed matter is before the Court on Plaintiff's letter to the Court dated January 26, 2026, and received by the Court on February 2, 2026, which the Court construes as a motion to reopen. (ECF No. 24.)

Plaintiff Rex Gunther is a civil detainee housed at Southeast Missouri Mental Health Center (SMMHC). He filed this action *pro se* on April 14, 2025. (ECF No. 1.) On April 15, 2025, the Court issued an order informing Plaintiff that his complaint was defective because it was not drafted on a Court-provided form. (ECF No. 2.) *See also* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). Considering Plaintiff's self-represented status, the Court gave him twenty-one (21) days to file an amended complaint and mailed Plaintiff a copy of the Court's Prisoner Civil Rights Complaint form. (ECF No. 2.) After Plaintiff filed two additional letters with the Court (ECF Nos. 4 and 6), the Court issued an order dated June 6, 2025. (ECF No. 7.) This order explained why Plaintiff's letters did not constitute amended complaints and did not comply with the Court's April 15, 2025 Order, and it allowed Plaintiff an additional twenty-one (21) days to file an amended complaint.

(*Id.*) Thereafter, Plaintiff submitted several additional letters to the Court, some of which were duplicates of each other. (ECF Nos. 8, 10-20.) The Court construed Plaintiff's December 15, 2025 letter (ECF No. 20) as a motion for leave to amend the complaint to clarify the identity of the defendants in this case, and granted the motion on December 18, 2025 (ECF No. 21). The Court granted Plaintiff an additional twenty-one (21) days to file an amended complaint and sent Plaintiff a third copy of the Court's complaint form. (ECF No. 21.)

On January 28, 2026, the Court dismissed this action without prejudice for violations of the Court's Orders, specifically because Plaintiff had not filed an amended complaint and the time to do so had passed. (ECF No. 23.)

Plaintiff filed the present motion on or about February 2, 2026. He seeks to "positively reinstate" his lawsuit. He asserts that the staff at SMMHC no longer allow him to keep his court files in his room. Instead, his files are now kept in a storage room, and if he wishes to access the paperwork for a case, he must request access from his treatment team, and the team must approve his request before he can access his case file. Therefore, he has no control over when he can access his case files. Plaintiff further asserts that as of January 26, 2026, he is still waiting for his case file for this matter, and the case cannot be dismissed because "all defendants had violated Court form Rule of 21 days and Court form Rule of 60 days… by not responding with some response to both plaintiff and to the Court… so it is totally illegal to dismiss this case…"[1] (ECF No. 24 at 3.)

---

[1] Plaintiff's contention that Defendants are in violation of the Court's rules is without merit. To the extent Plaintiff's argument is that Defendants are in default for failure to file a responsive pleading, Plaintiff is mistaken. Federal Rule 12(a) requires a defendant to serve an answer within 21 days after being served with the summons and complaint, or within 60 days after a request for waiver was sent. Here, Plaintiff has not requested the issuance of summons or waiver, and there is nothing in the record to suggest any defendant has been served or otherwise notified of Plaintiff's case. This matter was dismissed due to Plaintiff's failure to comply with three Court orders, and the dismissal took place before service on any defendant. Therefore, no responsive pleading deadline was in effect.

Plaintiff does not cite a particular legal standard or rule for the relief sought. Rule 60(b) of the Federal Rules of Civil Procedure permits the Court to "relieve a party ... from a final judgment, order, or proceeding" for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *U.S. Xpress Enters., Inc. v. J.B. Hunt Transp., Inc.*, 320 F.3d 809, 815 (8th Cir. 2003) (quoted case omitted).

Having reviewed the motion, the Court finds there is no basis for relief under Rule 60(b). The Court is mindful that Plaintiff is a civil detainee, and that he is therefore subject to the rules and restrictions of being held at a Missouri State facility. Nonetheless, Plaintiff is also responsible for adhering to Court rules and deadlines. Plaintiff does not specify when the facility instituted the rule disallowing Plaintiff from maintaining case files in his own room. However, the Court presumes the new rule was not in effect in April or June of 2025—the first and second instances when the Court sent Plaintiff copies of the complaint form and warned him that failure to timely file an amended complaint on the form would result in dismissal without prejudice and without further notice. It may be a closer call as to whether the facility's rule was in effect when the Court mailed a third copy of the complaint form to Plaintiff on December 18, 2025; however, the fact remains that Plaintiff had access to the form and his case file for months and failed to comply with the Court's orders regarding the filing of an amended complaint. Therefore, Plaintiff's allegations

-4-

are insufficient to excuse his repeated delays, and the Court will deny the motion. The Court notes, however, that nothing in this Order prohibits Plaintiff from filing a new action under 42 U.S.C. § 1983.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to reopen (ECF No. 24) is **DENIED**.

Dated this 4th day of February, 2026.

                          HENRY EDWARD AUTREY
                          UNITED STATES DISTRICT JUDGE